ALD-090                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2585
_____

UNITED STATES OF AMERICA

v.

WILLIAM RENSING,
                                        Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 1:12-cr-00663-001)
District Judge:  Honorable Noel L. Hillman
_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
February 16, 2023

Before: HARDIMAN, RESTREPO, and BIBAS, <u>Circuit Judges</u>

(Opinion filed: March 6, 2023)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Federal prisoner William Rensing appeals pro se from the District Court's decisions denying his motion for compassionate release and his related motion for reconsideration.  The Government has moved to summarily affirm.  For the reasons that follow, we grant the Government's motion and will summarily affirm the District Court's judgment.

I.

In 2013, the District Court sentenced Rensing to 210 months in prison for distributing child pornography.  In 2021, after exhausting his administrative remedies, he filed a pro se motion for compassionate release in the District Court.  A district court may not grant that relief unless it finds that (1) "extraordinary and compelling reasons" warrant a sentence reduction, and (2) a balancing of the applicable 18 U.S.C. § 3553(a) factors weighs in favor of a reduction.  See 18 U.S.C. § 3582(c)(1)(A); United States v. Pawlowski, 967 F.3d 327, 329 (3d Cir. 2020).[1]  Rensing's motion, which the Government opposed, pointed to his history as a smoker and the need for him to take care of his elderly mother, who suffers from end-stage liver disease and other medical conditions.

In May 2022, the District Court denied Rensing's motion, concluding that (1) he had failed to show "extraordinary and compelling reasons" for a sentence reduction, and (2) even if he could make that showing, the § 3553(a) factors weighed against a

[1] The reduction also must be "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

reduction. Rensing then filed a motion for reconsideration, which the District Court denied in August 2022. This appeal followed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review a district court's denial of compassionate release for abuse of discretion. See United States v. Andrews, 12 F.4th 255, 259 (3d Cir. 2021). Under this standard, "we will not disturb the [district] court's determination unless we are left with a definite and firm conviction that [it] committed a clear error of judgment in the conclusion it reached." Id. (second alteration in original) (internal quotation marks omitted). We also review a district court's denial of reconsideration for abuse of discretion. See United States v. Dupree, 617 F.3d 724, 732 (3d Cir. 2010). Reconsideration is warranted if the movant shows that (1) there has been "an intervening change in the controlling law," (2) there is new evidence that bears on the district court's underlying decision, or (3) there is a "need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

In this case, the District Court did not abuse its discretion in determining that a balancing of the applicable § 3553(a) factors warranted denying Rensing's motion for compassionate release.[2] As the District Court explained, "distribution of child pornography is a particularly heinous and damaging crime that affects its victims years

_____

[2] We need not decide whether Rensing presented "extraordinary and compelling reasons" for a sentence reduction.

after the commission of the offense." (Dist. Ct. Op. entered May 19, 2022, at 12.) Rensing's "offense was sophisticated in that he used dedicated software to download these illicit images," and he "committed [this] offense while on probation for a different child sex abuse crime." (Id.)[3] The District Court concluded that the need for deterrence and public protection weighed against granting Rensing's motion, and that his accomplishments in prison did not tilt the balance in his favor. The District Court did not commit "a clear error of judgment" in reaching this conclusion, see Andrews, 12 F.4th at 259, nor did it err in denying Rensing's motion for reconsideration.

Because this appeal does not present a substantial question,[4] we grant the Government's motion to summarily affirm,[5] and we will summarily affirm the District Court's judgment. See 3d Cir. I.O.P. 10.6.

---

[3] That previous crime involved the sexual assault of a victim under the age of 13.

[4] We have considered Rensing's various arguments in support of this appeal and conclude that none warrants disturbing the District Court's decisions. To the extent that he alleges that the presiding District Judge was biased against him, we see no evidence of any bias. See generally Arrowpoint Cap. Corp. v. Arrowpoint Asset Mgmt., LLC, 793 F.3d 313, 330 (3d Cir. 2015) (explaining that "adverse rulings . . . are not in themselves proof of prejudice or bias").

[5] To the extent that Rensing seeks to strike that motion, his request is denied.